# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


TACARLOS ANTIGO MILLER,    )
)
         Plaintiff,    )
)
        v.    )        **1:07CV415**
)
DON G. WOOD, et al.,    )
)
        Defendants.    )


## MEMORANDUM OPINION AND ORDER

**SHARP, Magistrate Judge**

Plaintiff TaCarlos Antigo Miller, a prisoner of the State of North Carolina, brought this action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials violated his right to "procedural" and "substantive" due process of law during prison disciplinary proceedings in June 2006 that resulted in Plaintiff being convicted of rioting and participating in gang activity. As Defendants, Plaintiff has named Don G. Wood, Administrator #1 of Scotland Correctional Institution; Boyd Bennett, "Director of Prison"; Theodis Beck, Secretary of the Department of Correction; Hattie B. Pimpong, Chief Disciplinary Hearing Officer; Patricia Chavis, Director of South Central Region Office; Mr. Crutchfield, Assistant Superintendent of Programs; and Mr. Battle, Disciplinary Hearing Officer. Defendants, represented by the Attorney General of North Carolina, have responded to the Complaint by filing a motion to dismiss. (Pleading No. 9.) Plaintiff, appearing *pro*

*se*, has responded in opposition to the motion to dismiss and has filed a motion for summary judgment in his favor. (Pleading No. 20.)

In his Complaint, Plaintiff Miller asserts that he was denied procedural and substantive due process during disciplinary proceedings in Scotland Correctional Institution. He states that on June 3, 2006, a riot took place in the prison and that he was wrongfully charged with disciplinary offenses and found guilty. He states that Defendant Wood knowingly falsified evidence against him, denied him the right to present witnesses, and withheld a videotape that contained exculpatory evidence. He alleges that Defendant Battle, the hearing officer, refused to call Plaintiff's witnesses and refused to review the videotape of the riot. Plaintiff asserts that the remaining Defendants failed to carry out supervisory duties to correct the violations by Defendants Wood and Battle. For relief, Plaintiff requests compensatory and punitive damages and "an injunction ordering the expunge[ment] of the disciplinary convictions described in this complaint . . . ." (Pleading No. 2, Complaint at 4.) Plaintiff asserts that as a consequence of the disciplinary convictions he has lost good time credits against his sentence. *Id.* at 7.

Defendants move to dismiss the Complaint on the authority of *Edwards v. Balisok*, 520 U.S. 641 (1997). In *Edwards v. Balisok*, the Supreme Court held that a prisoner's claim challenging procedures used in a prison disciplinary proceeding is not cognizable as a § 1983 claim if the prisoner's allegations necessarily imply the invalidity of a disciplinary conviction that resulted in the loss of good time credits. The plaintiff in *Edwards v. Balisok* alleged that

-2-

the hearing officer was deceitful and biased, and that the plaintiff was denied the opportunity to put on a defense through witnesses who possessed exculpatory evidence. The Supreme Court ruled that these allegations necessarily implied the invalidity of the punishment imposed, and that the prisoner's civil action was not cognizable in the absence of proof by the plaintiff that the disciplinary conviction had been set aside or overturned.

The claim of Plaintiff Miller in this case is indistinguishable from the claim of the plaintiff in *Edwards v. Balisok*. Plaintiff alleges that Defendants acted intentionally and with deceit to falsify charges against him and to suppress exculpatory evidence. These allegations do more than simply call into question alleged procedural irregularities in the disciplinary proceeding against Plaintiff. Rather, they go the heart of the fairness and accuracy of the proceeding and inevitably call into question the validity of the conviction. Thus, under the teaching of *Edwards v. Balisok*, Plaintiff Miller's claim in this action is not cognizable in the absence of proof that the disciplinary conviction has been set aside by judicial or other process. Plaintiff Miller offers no such proof, and, in fact, states in argument that he has been unable to have the conviction overturned.

Defendants' motion to dismiss is meritorious and should be granted.

<u>Conclusion</u>

For reasons set forth above, **IT IS ORDERED** that Defendants' motion to dismiss (Pleading No. 9) is **GRANTED** and that Plaintiff's motion for summary judgment (Pleading

No. 20) is **DENIED**.   A  separate  judgment  dismissing  this  action  will  be  entered

contemporaneously with this Memorandum Opinion and Order.


_____/s/ P. Trevor Sharp_____
United States Magistrate Judge


Date: March 4, 2008